IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| RAYMOND STANLEY, #1037637 | § | |
|---|---|---|
| | § | |
| V. | § | CIVIL ACTION NO. G-03-369 |
| | § | |
| TERRY FOSTER, ET AL. | § | |
| | § | |

**REPORT AND RECOMMENDATION**

Plaintiff Raymond Stanley, proceeding *pro se*, filed this civil rights complaint pursuant to 42 U.S.C. § 1983 against Warden Terry Foster, Captain Geerdes, Sergeant McClain-Roberson and Senior Warden Jackie Edwards, alleging deliberate indifference to his serious medical needs.  The complaint was dismissed without prejudice by Order of the District Court on July 23, 2003, for Plaintiff's failure to comply with PLRA filing fee requirements.  Plaintiff subsequently made arrangements to pay the filing fee and on August 20, 2004, an Order to Reinstate the case was entered by this Court.  On December 7, 2004, claims against Defendants Foster, Geerdes and Edwards (which accrued in April 2002) were dismissed as time-barred, claims of deliberate indifference to serious medical needs against Defendant McClain-Roberson were dismissed with prejudice as frivolous, and final judgment was entered.  Plaintiff filed a timely appeal.  On September 12, 2006, the United States Court of Appeals for the Fifth Circuit remanded the cause on the time-bar issue only, holding that although no cases addressed the issue directly, dicta in cases from the Fifth and other circuits directed that the time period in cases that are reinstated, as opposed to being refiled, begins to run from the date of the initial filing rather than at the time the case is reopened.  As such, the Fifth Circuit ruled that claims against Foster, Geerdes and Edwards were not time-barred and remanded the case as to claims against these defendants only.

With respect to Defendant Geerdes, Plaintiff complains that Geerdes was deliberately indifferent to his serious medical needs "when he revoked Plaintiff's medical unassignment and assigned him to the furniture factory on 4-23-02." In his grievance regarding Defendant Geerdes, Plaintiff complains that Geerdes "countermanded" a medical order when he assigned Plaintiff to work in the furniture factory. The response to the grievance states otherwise: "No one, including Captain Geerdes, makes changes in an offender's medical status except the Medical Department personnel. Captain Geerdes only assigns work according to the medical status given at the time by Medical." Clearly, Geerdes had nothing to do with revoking Plaintiff's medical assignment status; moreover, in his answers to interrogatories, Plaintiff states that he never actually performed any work in the furniture factory because his status as a medically unassigned inmate was restored. Deliberate indifference encompasses only the unnecessary and wanton infliction of pain repugnant to the conscience of mankind. *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976); *Jackson v. Cain*, 864 F.2d 1235, 1244 (5th Cir. 1989). Plaintiff suffered neither unnecessary nor wanton infliction of pain at the hands of Defendant Geerdes. This claim is without merit.

With respect to Senior Warden Edwards, Plaintiff complains that Edwards was deliberately indifferent to his serious medical needs when he failed to correct constitutional violations committed by nurse Ruby and Sergeant Sanchez, who allegedly confiscated his knee brace upon his admittance to the Gurney unit. Neither Ruby nor Sanchez are named as Defendants in this cause, nor does Plaintiff cite any harm suffered as a result of the confiscation of his brace. When asked if he filed a grievance against Warden Edwards, Plaintiff stated in his answers to interrogatories that he had not.

Section 1997e, as amended by the Prison Litigation Reform Act of 1996 (PLRA), provides that "[n]o action shall be brought with respect to prison conditions under § 1983...by a prisoner

confined in any jail, prison, or other correctional facility, until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement of § 1997e "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion under the PLRA is mandatory, and the requirement is strictly construed. *See Days v. Johnson*, 322 F.3d 863 (5th Cir. 2003).

Moreover, a Plaintiff cannot obtain damages or injunctive relief from a policy-maker or supervisor solely on a theory of *respondeat superior*. *Beattie v. Madison County Sch. Dist.*, 254 F.3d 595, 600 n.2 (5th Cir. 1983). The Fifth Circuit has noted that "supervisory officials may be held liable only if: (1) they affirmatively participate in acts that cause a constitutional deprivation; or (2) implement unconstitutional policies that causally result in Plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992). In this case, Plaintiff has failed to show either.

Plaintiff has also alleged no physical injury as a result of the confiscation of his brace. Absent a showing of physical injury, inmates cannot sustain a claim for damages. 42 U.S.C. § 1997e(e); *Harper v. showers*, 174 F.3d 716, 719 n.5 (5th Cir. 1999). Courts have strictly construed the physical injury requirement, precluding claims by prisoners who demonstrate only mental or emotional injury. *See e.g. Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). For this and all the above-stated reasons, Plaintiff's claim against Defendant Edwards is without merit.

With respect to a claim of deliberate indifference to his serious medical needs against Defendant Foster, Plaintiff has made no actual allegation of wrongdoing or personal involvement. Plaintiff mentions Foster once in his Step Two appeal dated May 30, 2002, complaining that Foster's reply to his grievance regarding Defendant Geerdes is "theoretically lacking in veracity." At most, Plaintiff appears to be suing Foster on a theory of *respondeat superior*, which, as explained above, is not tenable absent affirmative participation or the implementation of unconstitutional policies.

Plaintiff has demonstrated neither and has wholly failed to otherwise state how Foster was personally involved in the harm for which he has sued. Failure to indicate an individual Defendant's personal involvement in the alleged unconstitutional action is grounds for dismissing the complaint. *Coon v. Ledbetter*, 780 F.2d 1158, 1161 (5th Cir. 1986).  Plaintiff's claim against Defendant Foster is without merit.

For the foregoing reasons, it is the **RECOMMENDATION** of this Court that this action be **DISMISSED with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)**.

The Clerk shall send a copy of this Report and Recommendation to the Plaintiff by the means in place for transmission of same.  The Plaintiff shall have until **May 2 , 2007**, to have written objections physically on file in the Office of the Clerk. The objections shall be mailed to the Clerk's Office in Galveston, Texas 77553 at  P.O. Drawer 2300.  Any Objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge", which will then be forwarded to the District Judge for consideration.  Failure to file written objections within the prescribed time shall bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this the     13th     day of April, 2007.

_____
John R. Froeschner
United States Magistrate Judge